IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 2:08-CR-1153-DCN |
| vs. | ) | |
| | ) | |
| JULIUS NESBITT, | ) | **ORDER & OPINION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on defendant's motion for reconsideration and motion for a Franks hearing. For the reasons set forth below, the court denies defendant's motions.

## I. BACKGROUND

This case arises from defendant's arrest and prosecution for conspiracy to possess with intent to distribute oxycodone, possession with intent to distribute oxycodone, possession of firearms in furtherance of a drug trafficking crime, felon in possession of firearms, and willfully causing the Coast Guard to attempt to save a life and property when no help was needed.[1] On July 26, 2007, police from the Georgetown County Sheriff's Office Organized Crime Bureau (OCB) used a confidential informant to purchase two tablets of Oxycontin from defendant at his residence at 9221 Gapway Road,

---

[1] Apparently, after his arrest for the gun and drug charges, defendant failed to appear for a state court date in November 2007. Instead of appearing for court, defendant was trying to fake his own death and flee. His boat was found washed up on a small island. The Coast Guard searched for defendant. Suspecting foul play, authorities broadened their search. Defendant was eventually found by the United States Marshal's Service in Indiana with $30,000 in counterfeit money and a stolen vehicle. He was federally indicted in Indiana on counterfeiting charges, pleaded guilty, and served his sentence.

1

Andrews, South Carolina.  The next day, Officer Christopher Geno swore out an affidavit seeking a search warrant for that residence.  A state magistrate issued the warrant, which provided the following description of property to be seized:

> Oxycontin, other prescription medications and other equipment used to manufacture or process drugs for sale.  Any monies that could be gained from the illegal sale of such items, any lock boxes, safes or compartments of any type that could hold such monies or drugs.  Including the person of any and all persons found to be in the residence and any outbuildings and vehicles.

Warrant at 3.  The magistrate authorized the warrant to be served within ten days.  Id. On August 2, 2007, the OCB executed the search warrant and found 2.625 grams of oxycodone, various other prescription pills, several firearms (three shotguns, a rifle, and a pistol), and ammunition.  The government agents executing the warrant knew that defendant had previously been convicted of a felony because they had run a criminal history check on defendant.  The agents also knew it was a crime for a convicted felon to possess firearms and ammunition.

On November 10, 2009, defendant filed a motion to suppress the evidence seized pursuant to the search warrant, arguing that the affidavit and warrant contained errors, the warrant was not adequately specific, and the affidavit did not adequately establish the reliability of the confidential informant.  The court held a hearing on the motion on December 23, 2009, and issued an order denying defendant's motion on January 19, 2010.  Defendant now moves for the court to reconsider its earlier decision on the suppression motion.  In addition, defendant moves for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978).

## II. DISCUSSION

### A. Motion for Reconsideration

Defendant's arguments in his motion for reconsideration are not new. Indeed, they are a rehash of the arguments the court considered and rejected in defendant's motion to suppress. To buttress his argument that the search warrant was not supported by probable cause, defendant cites United States v. Leon, 468 U.S. 897 (1984), and United States v. Wilhelm, 80 F.3d 116 (4th Cir. 1996). Neither case helps defendant's cause.

In Leon, the Supreme Court of the United States established the good faith exception to the exclusionary rule. Leon, 468 U.S. at 919-21. Generally, evidence seized in violation of the Fourth Amendment is subject to suppression under the exclusionary rule. United States v. Andrews, 577 F.3d 231, 235 (4th Cir. 2009) (citing United States v. Calandra, 414 U.S. 338, 347-48 (1974); United States v. Perez, 393 F.3d 457, 460 (4th Cir. 2004)). The primary purpose of the exclusionary rule is "to deter future unlawful police conduct." Calandra, 414 U.S. at 347. The deterrence objective, however, "is not achieved through the suppression of evidence obtained by 'an officer acting with objective good faith' within the scope of a search warrant issued by a magistrate." Perez, 393 F.3d at 461 (quoting Leon, 468 U.S. at 920). "Thus, in Leon, the Supreme Court modified the exclusionary rule to allow the use of evidence 'obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause.'" Andrews, 577 F.3d at 235-36 (quoting Leon, 468 U.S. at 900). "Leon teaches that a court should not suppress the fruits

3

of a search conducted under the authority of a warrant, even a 'subsequently invalidated' warrant, unless 'a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.'" United States v. Bynum, 293 F.3d 192, 195 (4th Cir. 2002) (quoting Leon, 468 U.S. at 922 n.23). Accordingly, "under Leon's good faith exception, evidence obtained pursuant to a search warrant issued by a neutral magistrate does not need to be excluded if the officer's reliance on the warrant was 'objectively reasonable.'" Perez, 393 F.3d at 461 (quoting Leon, 468 U.S. at 922). The Supreme Court then identified four circumstances in which an officer's reliance on a search warrant would not be "objectively reasonable":

> (1) where 'the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth,' (2) 'where the issuing magistrate wholly abandoned his judicial role' as a detached and neutral decisionmaker, [] (3) where the officer's affidavit is 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable,' and (4) where 'a warrant [is] so facially deficient . . . that the executing officers cannot reasonably presume it to be valid.'

Andrews, 577 F.3d at 236 (quoting Leon, 468 U.S. at 923).

Defendant relies on Leon to argue that the good faith exception to the exclusionary rule should not apply in this case. However, the court did not rely on the good faith exception when it denied defendant's motion to suppress. Therefore, defendant's current argument under Leon is irrelevant and in no way militates in favor of disturbing the court's prior ruling. Moreover, to the extent defendant is attempting to use Leon to argue that a tip from an anonymous informant does not support a finding of probable cause, that argument also fails because, as the court explained in its prior ruling, the magistrate was not faced with an anonymous tip.

In that same vein, Wilhelm also offers no help to defendant. In Wilhelm, "police obtained the warrant based only on a vague tip from an anonymous, unproven informant." Wilhelm, 80 F.3d at 117. The Fourth Circuit held "that the warrant was not supported by probable cause and that the constitutionality of the search may not be established by the good faith exception set forth in [Leon]." Id. Accordingly, the Fourth Circuit reversed the district court's denial of the motion to suppress. Id. Defendant's reliance on Wilhelm is a nonstarter because he continues to ignore the inescapable fact that the confidential informant, under the control of the OCB, made a controlled purchase of Oxycontin from defendant at the location described in the warrant. Thus, the magistrate was not faced with an anonymous tip, and defendant's reliance on Wilhelm is misplaced.

Defendant also sets forth numerous hypothetical questions and conjectures on what should have been included in the warrant. However, nothing in the record supports any of defendant's speculative assertions. Defendant also re-raises the argument that he did not reside at the Gapway Road trailer, but the record belies any such contention. Finally, defendant attests that his nephew, not defendant, was the owner of the seized firearms. This assertion gets defendant precisely nowhere, as the law regarding convicted felons and firearms speaks in terms of *possession*, not ownership. In sum, none of defendant's arguments warrants revisiting the court's prior ruling. Accordingly, defendant's motion for reconsideration is denied.

**B. Motion for a Franks Hearing**

In Franks v. Delaware, 438 U.S. 154 (1978), the Supreme Court defined the

circumstances when a defendant can attack a facially sufficient affidavit. Under Franks, a defendant can obtain an evidentiary hearing on an affidavit's integrity by making "'a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit.'" United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990) (quoting Franks, 438 U.S. at 155-56). "The Court made clear that there is a 'presumption of validity' with respect to warrant affidavits and that to overcome that presumption, a defendant must allege 'deliberate falsehood' or 'reckless disregard for the truth' and include with the allegations 'an offer of proof.'" United States v. Tate, 524 F.3d 449, 454 (4th Cir. 2008) (quoting Franks, 438 U.S. at 171). Allegations of negligence or innocent mistake are not sufficient. Id. Instead, the defendant must point out specifically the portion of the affidavit that he claims is false and give reasons why it is false, and he must also furnish affidavits or their equivalent or explain their absence. Id. "The burden of making the necessary showing is thus a heavy one to bear." Id.

The issue of a Franks hearing was raised, but not resolved, at the hearing on defendant's motion to suppress. Defendant has now filed a motion requesting a Franks hearing. Defendant's motion must be denied because he has not made the required "substantial preliminary showing." Defendant posits that a Franks hearing is necessary because he believes the Georgetown County Sheriff's Office did not comply with its own written and stated procedures for a controlled purchase of narcotics. The problem with this assertion is twofold: 1) it in no way directly informs on the issue at hand, namely, whether a false statement was included in the affidavit, and 2) even if it did, defendant

has come nowhere near the "substantial preliminary showing" he must make. Indeed, defendant has made no showing at all, as he can only speculate about whether the law enforcement personnel complied with their established procedures.

Defendant also posits that the controlled purchase that formed the primary basis for the warrant never occurred. However, a review of the transcript of the confidential informant's wire recording establishes that a drug transaction did, in fact, occur. The transcript shows that the confidential informant initially could not get in touch with defendant, that the confidential informant went to the Gapway Road address to find defendant, and that, while there, the confidential informant bought a watermelon from defendant's stepson. Tr. 15-18. The transcript goes on to show that the confidential informant received a call and then stated, "I was fixing to head back out to the house. I'm glad you called. I was going to get a couple more gallons of that green paint because I know you said you'd be gone for a while tomorrow . . . . I bought one of those watermelons from your son . . . . I'll be there in just a minute." Tr. 25. During their meeting, defendant tells the confidential informant that a third party needs to pay defendant by Saturday morning or "[defendant will] never front him nothing else . . . . See, I know he's got the money next week, so I'll front him. I'll front all he wants if I get my money tomorrow." Tr. 29. Based on the transcript as a whole, and these portions in particular, it is clear to the court that Officer Geno had a reasonable basis to believe that a drug transaction occurred between defendant and the confidential informant. Therefore, Officer Geno did not make a "false statement knowingly and intentionally, or with reckless disregard for the truth" when he swore out the affidavit to get the search warrant.

Because defendant has submitted nothing to the contrary, by affidavit or otherwise, he has failed to carry his heavy burden of making the substantial preliminary showing required for a Franks hearing.

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that defendant's motion for reconsideration is **DENIED**.  Defendant's motion for a Franks hearing is also **DENIED**.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**May 28, 2010**
**Charleston, South Carolina**