IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 2:08-CR-1153-DCN |
| vs. | ) | |
| | ) | |
| JULIUS NESBITT, | ) | **ORDER & OPINION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on defendant's motion to dismiss the indictment based on an alleged violation of the Speedy Trial Act. For the reasons set forth below, the court denies defendant's motion.

## I.  BACKGROUND

This case arises from defendant's arrest and prosecution for conspiracy to possess with intent to distribute oxycodone, possession with intent to distribute and distribution of oxycodone, possession of firearms in furtherance of a drug trafficking crime, felon in possession of firearms, and willfully causing the Coast Guard to attempt to save a life and property when no help was needed. On July 26, 2007, police from the Georgetown County Sheriff's Office Organized Crime Bureau (OCB) used a confidential informant to purchase two tablets of Oxycontin from defendant at his residence at 9221 Gapway Rd., Andrews, South Carolina. The next day, Officer Christopher Geno swore out an affidavit seeking a search warrant for that residence. A state magistrate issued the warrant. On August 2, 2007, the OCB executed the search warrant and found numerous oxycodone tablets, various other prescription pills, several firearms (three shotguns, a rifle, and a pistol), and ammunition.

1

After his arrest for the gun and drug charges, defendant failed to appear for a state court date in November 2007. Instead of appearing for court, defendant tried to fake his own death and flee. The Coast Guard spent more than $170,000 trying to rescue defendant. Smelling a rat, authorities broadened their search for defendant, who was eventually found by the United States Marshal's Service in Indiana with $30,000 in counterfeit money and a stolen vehicle.

Defendant was federally indicted in Indiana on counterfeiting charges. He pled guilty on August 21, 2008, and received a time-served sentence on February 26, 2009. Defendant was indicted in the instant case in the District of South Carolina on November 12, 2008. Prior to his sentencing in Indiana, defendant's counsel in Indiana and government counsel in South Carolina engaged in continuous and prolonged plea negotiations in an effort to resolve defendant's South Carolina charges at the same time as his Indiana charges. In February 2009, those efforts failed, and, after his sentencing in Indiana, defendant was transferred to this district, making his initial appearance in South Carolina on April 8, 2009.

## II. DISCUSSION

The Speedy Trial Act provides that the trial of a defendant charged in an indictment "shall commence within seventy days from the filing date . . . of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Act provides for a number of excludable delays, including delay resulting from the granting of a continuance based on a finding that "the ends of justice

2

served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Delay resulting from trial with respect to other charges against the defendant is also excluded. 18 U.S.C. § 3161(h)(1)(B). Additional excludable periods of delay include "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). The time from the filing of a motion until the conclusion of the hearing on the motion is excluded, even if the delay in holding the hearing was not reasonably necessary. See Henderson v. United States, 476 U.S. 321, 330 (1986). If a defendant is not brought to trial during the seventy-day period, and the delays are not excludable, the "indictment shall be dismissed on motion of the defendant"; however, the district court has the discretion to dismiss with or without prejudice.[1] 18 U.S.C. § 3162(a)(2); United States v. Henry, 538 F.3d 300, 304 (4th Cir. 2008).

Defendant points to his November 2008 indictment and his April 2009 appearance in South Carolina and asserts that the government violated 18 U.S.C. § 3161(j), which provides:

> (1) If the attorney for the Government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly–
>
> > (A) undertake to obtain the presence of the prisoner for trial; or
> >
> > (B) cause a detainer to be filed with the person having custody of the

---

[1] Defendant's original motion requested dismissal without prejudice. He later filed a motion to amend to request dismissal with prejudice. Because there was no speedy trial violation, the court denies defendant's motion to amend as moot.

> prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial.

Section 3161(j) does not apply to defendant because, during the period in question, he was not serving a "term of imprisonment," but instead was a pretrial detainee. Defendant did not begin to serve a "term of imprisonment" until he received a time-served sentence on February 26, 2009. He then appeared for his Federal Rule of Criminal Procedure 5(c)(3) transfer hearing and was ordered to be transferred to the District of South Carolina.

Defendant next asserts that more than seventy unexcused days have passed between his appearance in Indiana on this case and his trial date. To begin with, defendant asserts that it took thirty-three days from the date he was informed of his South Carolina indictment on March 5, 2009, to his appearance in the District of South Carolina on April 8, 2009. As an initial matter, defendant appeared on the South Carolina charges on March 12, 2009 in Indiana, not March 5. Accordingly, it took twenty-six days for him to arrive in South Carolina. Regardless, defendant first contends that any time beyond ten days should not be excluded because the court in Indiana ordered that he be transferred within ten days. Pursuant to the plain language of the statute, the speedy trial clock does not begin until, in this case, defendant appeared in South Carolina on April 8, 2009. In any event, the government moved for detention in Indiana, and defendant agreed to postpone the hearing on the detention motion until he returned to South Carolina. Defendant's detention hearing was held on April 13, 2009. The pending detention motion would make those five days excludable pursuant to 18 U.S.C. § 3161(h)(1)(D).

At the hearing on the instant motion, defendant's counsel expanded the previously briefed arguments by raising the issuance of a bench warrant and a writ of habeas corpus ad prosequendum that directed defendant's appearance for arraignment in Charleston on November 25, 2008. Counsel also raised the issue of gaps in the plea negotiations that took place in Indiana. Regarding the bench warrant and the writ, government counsel indicated at the hearing on this motion that these documents issue as a matter of course when an indictment is returned, and that they should not have been issued here as they were unnecessary. The court agrees that they were unnecessary and had no bearing on this case, as defendant was in custody in Indiana at the time, awaiting sentencing on the counterfeiting charges. Regarding the plea discussions, defendant's counsel submitted e-mails that he argues show unaccounted-for gaps in the discussions.[2] The court finds these e-mails irrelevant to the issue at hand because defendant is attempting to make an issue of time periods that occurred before the speedy trial clock even started. The clock starts on the later of the date of indictment or the date of initial appearance—here, that date is April 8, 2009, when defendant initially appeared on these charges in this district. Despite his arguments to the contrary, defendant cannot escape the plain language of section 3161(c)(1).

The next issue is whether the Speedy Trial Act was violated based on the time that passed between April 8, 2009, and the order of continuance issued on September 11, 2009, or whether the Act was violated at some point thereafter. This issue was conclusively resolved at the hearing when defendant's counsel conceded that he agreed

---

[2] These e-mails are included in the record as court exhibit 1.

with the government's calculation of excludable time during this period. As the following timeline shows, when excludable time is considered, less than seventy includable days occurred after the clock started on April 8, 2009. From April 8 to September 11, 2009, 156 days passed. As noted above, five days passed between defendant's appearance in South Carolina and his detention hearing and ruling, and those five days should be excluded. In addition, defendant's counsel filed several motions on April 8, 2009, for discovery, Brady material, and for leave to file additional motions. The government, in turn, filed on April 22, 2009, a motion for discovery, demand for disclosure of witnesses in support of alibi, disclosure of expert witnesses, and a motion to compel defendant's witness list. All of these motions, by both parties, tolled the speedy trial clock. See 18 U.S.C. § 3161(h)(1)(D). These motions were pending at least until the bar meeting on July 23, 2009, making the time from April 8, 2009 to July 23, 2009 excluded. While those motions were not decided on July 23, even if they were, at most fifty days (between July 23, 2009 and September 11, 2009) counted towards defendant's speedy trial clock.

As for the time after September 11, 2009, this period was covered by the court's section 3161(h)(7)(A) "ends of justice" continuance. Moreover, even if that continuance did not cover all the time after September 11, 2009, defendant filed, as early as November 10, 2009, various motions to suppress, for reconsideration, for a Franks hearing, to dismiss, and an interlocutory appeal. At the very least, the instant speedy trial motion, the hearing for which occurred on August 18, 2010, remained under advisement when the trial began; thus, much of the time after September 11, 2009 is excluded under

section 3161(h)(1)(D), as well. See 18 U.S.C. § 3161(h)(1)(H) (providing exclusion for "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that defendant's motion to dismiss the indictment is **DENIED**.  Defendant's motion to amend is **DENIED** as moot.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**September 3, 2010
Charleston, South Carolina**