IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 2:08-CR-1153-DCN |
| vs. | ) | |
| | ) | |
| JULIUS NESBITT, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on defendant's motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c). On August 26, 2010, the jury convicted defendant on counts 1, 2, 3, 5, and 6 of the indictment. The jury could not reach a unanimous verdict on count 4, and the court declared a mistrial as to that count. Defendant argues that the evidence was insufficient to support his convictions.

Federal Rule of Criminal Procedure 29(c) provides that a defendant may move for judgment of acquittal after a guilty verdict, and "the court may set aside the verdict and enter an acquittal." A district court will sustain a guilty verdict when the verdict, viewing the evidence in the light most favorable to the prosecution, is supported by "'substantial evidence.'" United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (quoting Glasser v. United States, 315 U.S. 60, 80 (1942)). The Fourth Circuit has defined "substantial evidence" as "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id.

The government offered evidence in this case that defendant actively engaged in the distribution of oxycodone from his Gapway Road trailer and that he conspired with

1

others to distribute the drugs.  Moreover, the evidence showed that defendant, who stipulated that he was a convicted felon, possessed several firearms.  Finally, the government produced evidence that established defendant's attempt to fake his own death by scuttling his boat near Georgetown and fleeing to Indiana.  This evidence came in the form of testimony through multiple witnesses, including a confidential informant and defendant's ex-girlfriend, who had firsthand knowledge of defendant's drug-dealing activity.  Notably, this evidence also came in the form of testimony from DEA special agent Adam Roberson, who testified regarding admissions defendant made in a May 2008 proffer statement.[1]  When viewed in the light most favorable to the government, the evidence presented at trial amounts to the "substantial evidence" required to sustain defendant's convictions.  Accordingly, defendant's motion for judgment of acquittal is **DENIED** as to all counts.

       **AND IT IS SO ORDERED.**

                                          **DAVID C. NORTON**
                                          **CHIEF UNITED STATES DISTRICT JUDGE**

**September 14, 2010**
**Charleston, South Carolina**

---

[1] The court deemed these admissions, which were otherwise inadmissible under Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(e)(6), admissible because defendant breached his proffer agreement by failing to provide completely truthful information in his proffer statement.