IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 2:08-CR-1153-DCN |
| vs. | ) | |
| | ) | |
| JULIUS NESBITT, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on defendant's ex parte request for *in camera* review of the personnel files of two Georgetown County Sheriff's Department officers, Christopher Geno and Christopher Howard. Specifically, defendant requests,

> Pursuant to [Federal Rule of Criminal Procedure] 17(b) it has come to the attention of counsel that Officer C. Geno [and Officer C. Howard] may have been involved and subject to disciplinary action in Georgetown County for the handling of certain drug investigations over the past several years. To prove or disprove this information I request that the personnel file for Officer C. Geno [and Officer C. Howard] since [they have] been at the Georgetown Sheriff's Department be subject to subpoena and reviewed by the court in camera. Pursuant to Rule 17(c), the defendant requests that these documents be produced within ten (10) days of service. These items are needed prior to trial so that they can be inspected and furnished to the government, in accordance with Rule 16(b) and (c), Federal Rules of Criminal Procedure.

Dkt. Entries 107 and 132.

The Due Process Clause requires the government to disclose to the defense prior to trial any exculpatory or impeaching evidence in its possession. See Giglio v. United States, 405 U.S. 150, 153-55 (1972); Brady v. Maryland, 373 U.S. 83, 86-88 (1963). Evidence need only be disclosed, however, if it: (1) is favorable to the defendant; (2) was suppressed by the government; and (3) is material. Strickler v. Greene, 527 U.S. 263, 281-82 (1999). Undisclosed evidence is material when its cumulative effect is such that

1

"there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Kyles v. Whitley, 514 U.S. 419, 433 (1995) (internal citations and quotation marks omitted). Mere speculation about the existence of potentially exculpatory or impeaching evidence is insufficient to give the defense access to materials under Brady and Giglio. United States v. Michaels, 796 F.2d 1112, 1116 (9th Cir. 1986); United States v. Navarro, 737 F.2d 625, 630-31 (7th Cir. 1984). Further, Brady does not require the government "to gather information or conduct an investigation on the defendant's behalf." United States v. Tadros, 310 F.3d 999, 1005 (7th Cir. 2002).

The court's review of Officer Howard's file reveals no record of disciplinary action. The court's review of Officer Geno's file reveals one reprimand, but it has nothing to do with his "handling of certain drug investigations."[1] The court finds that this lone disciplinary action against Officer Geno does not warrant production.[2]

---

[1] The court notes that defendant's request does not encompass the conduct for which Officer Geno was disciplined, but the written reprimand is part of Officer Geno's personnel file, which the court will include in the record as a court exhibit.

[2] The court notes that Officer Geno received the reprimand in August 2009, when Officer Geno held the rank of corporal. At trial, Officer Geno testified that he received a promotion to sergeant in October 2009.

2

Therefore, it is **ORDERED** that defendant's request for the production of the officers' personnel files is **DENIED**. The court will include the officers' personnel files in the record as court exhibits.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**September 16, 2010**
**Charleston, South Carolina**